UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>            Petitioner,<br><br>       v.<br><br>CHRISTIAN PFEIFFER, ACTING WARDEN,<br><br>            Respondent. | No.  2:21-cv-0187 KJM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court is respondent's motion to dismiss pursuant to Younger v. Harris, 401 U.S. 37 (1971).  ECF No. 30.  Petitioner subsequently submitted two letters to the court (ECF Nos. 33, 34), but neither addressed the content of the motion to dismiss.  He filed neither an opposition nor a statement of non-opposition to the motion, and the period within which to do so has long since passed.  Pursuant to Local Rule 230(l), the court deems petitioner's failure to respond as a waiver of any opposition to the granting of the motion.  Moreover, for the reasons stated below, the undersigned agrees with respondent that Younger bars this action.

////

I.   RELEVANT FACTS AND PROCEDURAL HISTORY

A.   Trial Proceedings

On October 12, 2018, petitioner was convicted by a jury of first-degree burglary in violation of California Penal Code § 459, and of the unlawful taking of a vehicle in violation of California Penal Code § 666.5.  ECF No. 31-1 (abstract of judgment).  Enhancements for prior convictions pursuant to California Penal Code §§ 667(d)&(e), 1170.12(b)&(c), 667(a)(1) and 667.5(b) were found to be true.  Id.  Petitioner was sentenced to eighteen years in state prison.  Id.

B.   State Appellate Proceedings

Petitioner appealed his conviction and sentence.  The appeal appears to have raised a claim of insufficiency of the evidence to support petitioner's burglary conviction; a claim of ineffective assistance of counsel for failure to request a jury instruction on consent; and a claim of judicial misconduct for failure to further instruct the jury, sua sponte, on the consent element of burglary.[1]  ECF No. 31-2 at 2, 4-6.  It appears that petitioner also argued that the court had discretion to strike the five-year sentence enhancement he received for a prior serious felony.  Id. at 6-7.  On its own motion, the appellate court considered the propriety of a one-year enhancement petitioner received.  Id. at 7.

On June 3, 2020, the California Court of Appeal confirmed petitioner's conviction and remanded the matter so that the trial court could strike petitioner's one-year enhancement and exercise its discretion regarding whether it should strike petitioner's five-year enhancement.  ECF No. 31-2 at 1, 7.  The trial court was ordered to file an amended abstract of judgment thereafter.  Id. at 7-8.

On or around July 8, 2020, petitioner filed a petition for review in California Supreme Court.  ECF No. 31-3.  On August 12, 2020, the state high court summarily denied it.  ECF No. 31-4.  Petitioner's case was then returned to the Colusa County Superior Court for resentencing.  ECF No. 31-5.

---

[1] The pleading petitioner filed in the California Court of Appeal was not lodged.  See generally ECF No. 31 (respondent's list of lodged documents).  As a result, the precise claims petitioner raised in the state appellate court are unclear and can only be presumed based on the statements in its reasoned opinion.

2

The instant petition was filed on January 28, 2021. ECF No. 1 at 15 (signature date of petition).[2] On March 1, 2021, petitioner was resentenced by the superior court. Id.

On April 19, 2021, petitioner lodged a notice of appeal in the California Court of Appeal, Third Appellate District, case number C093951. ECF No. 31-7 (state appellate court docket indicating same). Respondent's motion to dismiss was filed in October 2021. ECF No. 30. At that time, petitioner's state appeal was still pending. ECF No. 31-7 at 3 (indicating opening brief due 11/4/21). The docket in case number C093951 appears to indicate that the judgment became final in it on May 5, 2022.[3]

## II. ABSTENTION DOCTRINE

Under Younger, supra, federal courts may not interfere with a pending state criminal prosecution absent extraordinary circumstances. Younger, 401 U.S. at 45; Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011). "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (citations and footnote omitted). Abstention is appropriate if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) that proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief either seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018). All four elements must be satisfied to warrant abstention. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007).

---

[2] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005). Throughout this order, that date will be used when stating filing dates of petitioner's pro se pleadings.

[3] See California Courts, Appellate Courts Case Information, Third Appellate District, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=3 (search Case Number field for "C093951") (last visited March 30, 2023). The undersigned takes judicial notice of the state court record. Fed. R. Evid. 201(b).

III. DISCUSSION

Respondent's motion to dismiss should be granted. Abstention is required in cases in which ongoing state proceedings were initiated "before any proceedings of substance on the merits have taken place in federal court." Hicks v. Miranda, 422 U.S. 332, 349 (1975); Fresh Intern. Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1358 (9th Cir. 1986) (quoting Hicks); see also Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) ("Younger abstention requires that the federal courts abstain when state court proceedings were ongoing *at the time the federal action was filed*.") (emphasis added). In Beltran, the Ninth Circuit specifically "reject[ed] the proposition that abstention was unwarranted if the state proceedings had terminated after the federal filing but before the federal decision regarding abstention." M&A Gabaee v. Cmty. Redevelopment Agency of L.A., 419 F.3d 1036, 1042 (9th Cir. 2005) (discussing Beltran's holding and its application). This court is bound by that rule.

All four abstention criteria under Younger are satisfied here. First, the undisputed record establishes that when this action was filed in January 2021, petitioner's appeal of his resentencing was still pending in state court. See ECF No. 31-5 at 2 (Colusa County Superior Court docket, case number CR60054, indicating resentencing heard 3/1/21); ECF No. 31-7 at 3 (California Court of Appeal docket, case number C093951 indicating appeal still pending as of 9/30/21). Pursuant to Beltran, supra, state proceedings must be considered "ongoing" for Younger purposes whether or not they have concluded since the filing of the federal petition. See Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987), cert. denied, 485 U.S. 934 (1988) (holding that "the critical question is not whether the state proceedings are still 'ongoing' but whether 'the state proceedings were underway before initiation of the federal proceedings'").

Second, an important state interest is necessarily implicated in a criminal resentencing proceeding. "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44-45).

Third, state criminal proceedings are directly governed by the Sixth and Fourteenth

4

Amendments, and by their nature provide an opportunity for constitutional questions to be presented. Federal courts must assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Because there is no procedural bar to the presentation of constitutional issues in California criminal proceedings, including sentencing, this element of Younger is satisfied. See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of Younger. . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings.").

Finally, it is widely recognized that federal habeas proceedings regarding the validity of a conviction have the practical effect of enjoining or interfering with any ongoing state judicial proceedings in the underlying criminal case. This is the case even when the ongoing state proceeding is limited to sentencing. See Duke v. Gastelo, No. 2:19-04712 AB (ADS), 2020 U.S. Dist. LEXIS 134464, 2020 WL 4341595, at *3 (C.D. Cal. June 24, 2020) (fourth Younger factor met because "granting Petitioner the habeas relief he seeks—release from confinement—would have the practical effect of enjoining the ongoing state resentencing proceeding"), adopted, 2020 U.S. Dist. LEXIS 133544, 2020 WL 4339889 (C.D. Cal. July 28, 2020); see also Phillips v. Neuschmid, 2019 U.S. Dist. LEXIS 204615, 2019 WL 6312573, at *3 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing") (collecting cases); adopted, 2019 U.S. Dist. LEXIS 204569, 2019 WL 6310269 (C.D. Cal. Nov. 22, 2019) (dismissing habeas petition).

Circumstances such as irreparable harm, bad faith or harassment by the state in prosecution, or state court bias against petitioner's federal claims may support an exception to abstention in extraordinary cases. Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1983); Brown v. Ahern, 676 F.3d 899, 900-901 (9th Cir. 2012). Petitioner's failure to oppose the motion has waived any assertion of "extraordinary circumstances." In any event, the record is devoid of support for such an exception.

For all these reasons, the requirements for Younger abstention are met, and this case must be dismissed without prejudice. See Beltran, 871 F.2d at 782 ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action.") (emphasis in original); Gibson v. Berryhill, 411 U.S. 564, 577 (1973) ("Younger v. Harris contemplates the outright dismissal of the federal suit…"). The motion to dismiss should be granted.

### IV. PLAIN ENGLISH SUMMARY FOR PRO SE PLAINTIFF

You filed your federal habeas petition before your Colusa County resentencing proceeding was over. Federal courts may not consider habeas petitions that were filed while matters related to the criminal case are ongoing in the superior court or on appeal. Even though your resentencing is now final, this court must dismiss your petition without prejudice because you filed it too soon.

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 30) be GRANTED;
2. The petition be DISMISSED without prejudice; and
3. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file

////

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 31, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE